# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL ANTHONY PEACE**,

        Plaintiff,

v.                                 **Case No. 15-cv-276-pp**

**DONNA LARSEN,
BRIAN GREFF, and
AMY RADCLIFF,**

        Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY PLAINTIFF'S REPLY TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 39), DENYING PLAINTIFF'S MOTION FOR USE OF RELEASE ACCOUNT (DKT. NO. 40), AND DIRECTING PLAINTIFF TO FILE A RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON OR BEFORE AUGUST 31, 2016

---

The plaintiff, Daniel Anthony Peace, is proceeding *pro se* on Eighth Amendment medical care claims against the defendants. On June 15, 2016, the plaintiff filed a motion for partial summary judgment on his failure to treat and delay in treatment claims (Dkt. No. 28), accompanied by a brief (Dkt. No. 29); proposed findings of fact (Dkt. No. 30); and his declaration (Dkt. No. 31). On June 27, 2016, the defendants responded to that motion, Dkt. No. 35, and filed their own motion for summary judgment, Dkt. No. 32. The plaintiff then filed a motion asking the court to stay the deadline by which he had to file his response to the defendants' motion, Dkt. No. 39, as well as a motion for the use of his release account, Dkt. No. 40. These last two motions are before the court.

1

The court received the plaintiff's motion for order to stay summary judgment response on July 5, 2016. Dkt. No. 39. The motion indicates that after he received the defendants' summary judgment pleadings, the plaintiff requested a file review of his institution medical file. The institution put him on a thirty-day waiting list. Id. at 2. The plaintiff asserts that he cannot properly respond to the defendants' motion for summary judgment until he can review and obtain copies of the documents in his medical file. Id. He also advises the court that he needs to file a motion for use of release account to pay for the copies and supplies he needs to respond to the defendants' motion for summary judgment. Id.

The court will give the plaintiff additional time to review his medical records and prepare his response to the defendants' motion for summary judgment. The court is not going to "stay" the proceedings; that is not necessary. Rather, the court construe the plaintiff's motion as a motion for an extension of time to file the reply, and will grant him that extension. The court will extend the deadline by which the plaintiff must file his response to the defendants' motion for summary judgment to the end of the day on **Wednesday, August 31, 2016**.

On June 20, 2016, two weeks after the court received the motion to stay, the court received the plaintiff's motion for order authorizing use of release account. Dkt. No. 40. In that motion, the plaintiff indicates that he received his pass to review his medical file on July 13, 2016, but that he needs $2.10 to

2

copy fourteen pages of the medical records. Id. at 1. The plaintiff also asks the court to authorize him to take another $1.68 from his release account to pay for supplies, including two pens, one pad of paper, one correction tape, one pencil eraser and one pencil. Id. at 2. The plaintiff provides a copy of his prisoner trust account statement confirming that he has sufficient funds in his release account to cover these costs. Dkt. No. 40-1. (That statement shows that at the end of June, the plaintiff had $0.18 in his regular inmate account, $79.89 in his release account, and $157.69 in his work release account. Id.)

While it is true that this court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"), see, e.g., Doty v. Doyle, 182 F.Supp.2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act. . . and the federal Prison Litigation Reform Act [("PLRA")] . . . authorize the courts to order that . . . a prisoner's release account be made available [to pay an IPFF]"), this court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs.

Courts in this district have noted that "[n]othing in the [PLRA] can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." Wilson v. Anderson, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the

3

absence of any statutory authority compelling the court to do so) (citations omitted). That is even more true here, and the court will apply the reasoning in Wilson to encompass requests by prisoners to use their release accounts to cover litigation costs.

Additionally, there is a textual difference between the Wisconsin PLRA, which addresses procedures to be followed when a prisoner wishes to bring a civil action without prepayment of "fees or costs" generally, see Wis. Stat. § 814.29, and the federal PLRA, which refers specifically to procedures to be followed when a prisoner wishes to bring a civil action "without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(2); see also Artis v. Meisner, No. 12-cv-589-wmc, 2015 WL 5749785, at *5-7 (W.D. Wis. Sept. 30, 2015). "The federal PLRA says nothing about costs." Artis, 2015 WL 5749785, at *6.

Denying prisoners the use of their release accounts to fund litigation costs also is prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." Id. Permitting a prisoner to invade that account for litigation costs could reduce that prisoner's likelihood of success post-incarceration, see Wis. Adm.Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is a frequent, or prolific, litigant. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," Lindell v.

4

McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." Williams v. Berge, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs.

That being said, "[i]t is indisputable that indigent inmates must be provided at state expense" with the basic material necessary to draft legal documents and with stamps to mail them. Bounds v. Smith, 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). The materials the plaintiff requests seem to fall into this category of supplies, which the state must provide. The court anticipates that the defendants will ensure that the plaintiff has the materials he needs to respond to their motion for summary judgment so the court can consider it on its merits.

The court **GRANTS** the plaintiff's motion for an extension of time to file his reply to the defendants' summary judgment motion. Dkt. No. 39. The court **DENIES** the plaintiff's motion for order authorizing use of release account for legal supplies. Dkt. No. 40. The court **ORDERS** the plaintiff to file a response to the defendants' motion for summary judgment by the end of the day on **Wednesday, August 31, 2016**. If the plaintiff does not file his reply by the

5

extended deadline, the court will decide the motion without further input from him.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

6

Case 2:15-cv-00276-PP   Filed 08/02/16   Page 6 of 6   Document 41